UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., ) | CASE NO. C06-0391-MAT |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| D.J. & SONS TRUCKING, INC., ) a Washington Corporation, ) | |
| Defendant. ) | |

Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment against defendant D.J. & Sons Trucking, Inc. (Dkt. 9.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Defendant is bound by a collective bargaining agreement with Local 174 of the International Brotherhood of Teamsters, which requires defendant to pay monthly contributions to the Teamsters Construction Industry Welfare Trust Fund and the Western Conference of Teamsters Pension Trust Fund ("the Trusts") for eligible employees. (*See* Dkt. 10, Ex. C.) Defendant also signed an Agreement and Declaration of Trust containing terms as to damages owed as a result of any delinquent contributions. (*Id.*, Ex. B.) Plaintiff is the authorized administrative agent for and assignee of the

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -1

Trusts and seeks delinquent contributions to the Trusts, as well as associated damages, for the period from May 1, 2005 through January 31, 2006.  Plaintiff conducted an audit on defendant for the relevant time period.  (*Id.*, Ex. I.)

In its Answer to plaintiff's Complaint, defendant acknowledged that it was a party to the above-described agreements and that plaintiff conducted the above-described audit, but otherwise denied plaintiff's allegations.  Defendant did not oppose plaintiff's motion for summary judgment.  The Court deems defendant's failure to oppose to be an admission that plaintiff's motion has merit.  *See* Local Civil Rule 7(b)(2).  The Court also notes that, although defendant was warned by its now withdrawn counsel that failure to obtain replacement counsel by the date the withdrawal was effective could result in the entry of default against defendant as to any claims of plaintiff (*see* Dkts. 20-21 & 24 and Local General Rule 2(g)(4)), defendant has not, to date, obtained replacement counsel.  Finally, for the reasons described below, the Court finds plaintiff entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  *See Celotex*, 477 U.S. at 322-23.

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement.  *See* ERISA Section 515, 29 U.S.C. §

1145. ERISA also provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. *See* 29 U.S.C. § 1132(g)(2). In this case, as noted, defendant also signed an Agreement and Declaration of Trust containing terms as to damages owed as a result of delinquent contributions.

In this case, through an audit of defendant's payroll records and filings with government agencies, plaintiff concluded that defendant owes $16,355.48 to the construction fund and $17,038.50 to the pension fund, for a total of $33,393.98 in delinquent contributions for the period from May 1, 2005 through January 31, 2006. (Dkt. 10 at ¶¶ 28-34 and Exs. H & I.) Plaintiff also concluded that, as of August 1, 2006, defendant is obligated to pay $6,678.80 in liquidated damages, $2,533.73 in interest, $6,771.60 in attorney's fees, and $302.00 in costs. (*Id*. at ¶ 35 and Ex. I.)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreement at issue in this case or plaintiff's entitlement to the total amount of delinquent contributions, liquidated damages, interest, attorney's fees, and costs sought. Accordingly, the Court finds summary judgment appropriate.

For the reasons described above, plaintiff's motion for summary judgment is hereby GRANTED and plaintiff awarded a total of $33,393.98 in delinquent contributions for the period from May 1, 2005 through January 31, 2006. Plaintiff is also entitled to liquidated damages, interest, attorney's fees, and costs, as outlined above. However, because plaintiff calculated the amounts described above as of August 1, 2006, a revised accounting may now be in order.

/ / /

/ / /

Accordingly, plaintiff shall submit such information within **ten (10)** days of the date of this Order.

DATED this 2nd day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4